UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALI WILKERSON,<br><br>                              Plaintiff,<br><br>               -against-<br><br>ANTHONY ANNUCCI, et al.,<br><br>                            Defendants. | 22-CV-7804 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who is currently incarcerated at Marcy Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that while he was incarcerated at Green Haven Correctional Facility, correctional staff violated his rights. He names as Defendants the following individuals, who were employed at Green Haven during the time he asserts his rights were violated: (1) Superintendent Royce, (2) Lieutenant Ciorciarai, (3) Sergeant Rossi, (4) Deputy Superintendent for Security Russo; (5) Sergeant Salters; (6) Counselor Diane Nieves; (7) Senior Counselor Fenner; (8) Registered Nurse D. Linderman; (9) Dr. Lester Silver; (10) Dr. Robert Bentivegna; and (11) Dr. John Hammer. He also names Dr. Robert Josephberg, who was employed at Westchester Medical Hospital and treated Plaintiff while Plaintiff was incarcerated at Green Haven.

      Plaintiff also names the following individuals who were employed at the Department of Corrections and Community Supervision ("DOCCS") during the time of the alleged violations: (1) DOCCS Commissioner Anthony J. Annucci, (2) Priscilla Ledbetter, Director of Temporary Release Programs; and (3) Jeffrey Courlurl, Assistant Director of Temporary Release Programs.

      Finally, Plaintiff names four John and Jane Doe Defendants.

By order dated September 13, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A.    Order of Service on the Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Order to Identify the John and Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the four John and Jane Doe Defendants named in this action.  It is therefore ordered that the Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identities of each John and Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.  The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John and Jane Doe Defendants.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. An amended complaint form is attached to this order.

The Clerk of Court is further instructed to issue summonses for the named Defendants, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Finally, the Clerk of Court is directed to mail a copy of this order and the complaint to the New York Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, New York 10005.

SO ORDERED.

Dated:   November 10, 2022
             White Plains, New York

                                                KENNETH M. KARAS
                                           United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Commissioner Anthony Annucci
   Department of Corrections and Community Supervision
   State Office Campus Bldg. #2
   1220 Washington Avenue
   Albany, New York 12226-2050

2. Superintendent Royce
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Lieutenant Ciorciari
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Sergeant Rossi
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

5. Superintendent Russo
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

6. Sergeant K. Salters
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

7. Priscilla A. Ledbetter
   Director of Temporary Release Programs
   Department of Corrections and Community Supervision
   State Office Campus Bldg. #2
   1220 Washington Avenue
   Albany, New York 12226-2050

8. Jeffrey Courlurl (or Courturl)
   Assistant Direction of Temporary Release Programs
   Department of Corrections and Community Supervision
   State Office Campus Bldg. #2
   1220 Washington Avenue
   Albany, New York 12226-2050

9. Diane Nieves
   Offender Rehabilitation Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

10. Fenner
    Senior Offender Rehabilitation Officer
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

11. Registered Nurse D. Linderman
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

12. Dr. Lester Silver
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

13. Dr. Robert Bentivegna
    Facility Health Services Director
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

14. Dr. John Hammer
    Regional Medical Director
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

15. Dr. Robert Josephberg
    Westchester Medical Center
    40 Saw Mill River Road, Suite FB2
    Hawthorne, New York 10532